**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARIA DE LOS ANGELES DIAZ-RIVERA,<br><br>**Plaintiff,**<br><br>**v.**<br><br>SUPERMERCADOS ECONO INC., *et al.,*<br><br>**Defendants.** | **Civil No.** 12-1925 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is defendant Admiral Insurance Company's ("Admiral") motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)") for insufficient service under Federal Rules of Civil Procedure 4(m) ("Rule 4(m)") and 4(h) ("Rule 4(h)").  (Docket No. 52.)  For the reasons discussed below, and after considering the motion to dismiss, plaintiff's reply, and Admiral's surreply, the Court **GRANTS** the motion to dismiss pursuant to Rule 4(m) and **DISMISSES WITHOUT PREJUDICE** the claims against Admiral.  The motion to dismiss pursuant to Rule 4(h) is **DENIED**.

---

[1] Ian Qua, a third year student at George Washington University Law School, assisted in the preparation of this memorandum.

## I.  Background

Plaintiff Maria de Los Angeles Diaz-Rivera ("Mrs. Diaz") filed a complaint on November 9, 2012, alleging that her husband, Mr. Oscar Figueroa-Catala, died as a result of injuries suffered in a fall at Supermercado Econo Sierra Bayamon.  (Docket No. 1 at ¶¶ 15-33.)  Mrs. Diaz further alleged that "Emergency Room Corporation," the entity managing the emergency room, negligently maintained Mr. Figueroa without the proper facilities and resources.  Id. at ¶¶ 39-40.  Mrs. Diaz filed an amended complaint on March 21, 2013[2] (Docket No. 25), and added Admiral as a defendant in her second amended complaint on April 18, 2013.[3] (Docket No. 38.)  The Clerk of the Court issued the summons to Admiral on June 12, 2013.  (Docket No. 44.)  Mrs. Diaz filed the summons on July 12, 2013 and served the summons on Admiral on September 13, 2013, 148 days after the second amended complaint naming Admiral as a defendant was filed.  Id.  On October 25, 2013, Admiral filed a motion to dismiss pursuant to Rule 12(b)(5), claiming that service of process was deficient because Mrs. Diaz failed to serve the summons (1) to Admiral within 120 days of the filing of the complaint as required by Rule 4(m), and (2) on the

---

[2] Mrs. Diaz contends that Emergency Room Corporation is WMR Emergency Group, LLC. (Docket No. 25.)

[3] Mrs. Diaz contends Admiral is the insurance company for WMR Emergency Group, LLC. (Docket No. 38.)

corporate entity, Admiral, pursuant to Rule 4(h).  (Docket No. 52
at ¶¶ 4-5.)

## II.  Discussion

### A.  Legal Standard

On or after filing a complaint, a plaintiff "may present
a summons to the clerk for signature and seal."  Fed. R. Civ.
P. 4(b).  If the summons is properly completed, the clerk must
sign, seal, and issue the summons to the plaintiff for service on
the defendant.  Id.  Generally, the plaintiff is responsible for
serving the defendant within the time allowed by Rule 4(m).  Fed.
R. Civ. P. 4(c)(1).  The purpose of service is "to supply notice of
the pendency of a legal action, in a manner and at a time that
affords the defendant a fair opportunity to answer the complaint
and present defenses and objections."  Henderson v. United States,
517 U.S. 654, 671-72 (1996).  A court may not exercise personal
jurisdiction over a defendant named in a complaint without service
of process on the defendant.  Murphy Bros. v. Michetti Pipe
Stringing, Inc., 526 U.S. 344, 350 (1999).

A defendant can move to dismiss a claim for failure to
comply with the Rule 4(m) or 4(h) service requirements.  Fed. R.
Civ. P. 12(b)(5); 5B Charles Alan Wright & Arthur R. Miller,
Federal Practice & Procedure, § 1353 at 333 (3d ed. 2004).  See
also Bunn v. Gleason, 250 F.R.D. 86, 88 (D. Mass. 2008) (Rule
4(m)); O'Rourke v. United States, No. 10-CV-302 W(POR), 2010 WL

2178957, at *1 (S.D. Cal. May 26, 2010) (Rule 4(h)).  The plaintiff bears the burden of showing that proper service has been effected. Bolivar v. Dir. of FBI, 846 F. Supp. 163, 166 (D.P.R. 1994) (Perez-Gimenez, J.) (citing Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 n.2 (1st Cir. 1986)).

    **B.   Motion to Dismiss Pursuant to Rule 4(m)**

        **1.   Whether a good cause extension is required**

        If a plaintiff does not effectuate service of a summons on a defendant within 120 days from the filing of the complaint, a court may either dismiss the action without prejudice or extend the time period for service.  Fed. R. Civ. P. 4(m); Molinelli-Freytes v. Univ. of P.R., 727 F. Supp. 2d 60, 62 (D.P.R. 2010) (Dominguez, J.).  If a plaintiff shows good cause for his or her failure, however, a court must extend the time period.  Id. Good cause is likely to be found when a plaintiff diligently acts to effect service or there are mitigating circumstances. Moreno-Perez v. Toledo-Davila, 266 F.R.D. 46, 50 (D.P.R. 2010) (Arenas, J.) (citing Bunn, 250 F.R.D. at 89).  Good cause will also likely be found if the failure to serve the summons is due to a third person or something beyond a plaintiff's control, such as when the failure is the result of a clerk's negligence.  United States v. Computer Sciences Corp., 246 F.R.D. 22, 27 (D.D.C. 2007) (citing Abdel-Latif v. Wells Fargo Guard Servs., Inc., 122 F.R.D.

169, 174 (D.N.J. 1988)); 4A Wright & Miller, supra, § 1086, at 455 n.13; 4B Wright & Miller, supra, § 1137, at 342.

Federal Rule of Civil Procedure 6(b) ("Rule 6(b)") allows a plaintiff to request an extension of time to serve a defendant. Fed. R. Civ. P. 6(b). A plaintiff's knowing failure to file an extension within the 120-day period, however, can weigh against a finding of good cause. Yordan v. Am. Postal Workers Union, AFL-CIO, 293 F.R.D. 91, 95-96 (D.P.R. 2013) (McGiverin, J.); Padilla-Cintron v. Rossello-Gonzalez, 247 F. Supp. 2d 48, 61 (D.P.R. 2003) (Pieras, J.).

In support of its Rule 4(m) motion, Admiral contends that it was prejudiced by Mrs. Diaz's improper service because it could not "investigate the facts fully and avoid any possible spoliation of evidence[,] . . . participate in the filing of the Joint Case Management Memorandum[, or] comply with the Court's deadlines of the Initial Scheduling Order . . . and extensions granted with regard to discovery." (Docket No. 52 at p. 5.) In response, Mrs. Diaz acknowledges her failure to serve the summons within 120 days. (Docket No. 57 at ¶ 4.) She contends, however, that her failure was for good cause because the Clerk did not issue the summons until July 12, 2013, and she did not receive it until "sometime the month of in [sic] August" for "reasons outside of [her] control." Id. at ¶ 3. Mrs. Diaz also argues, in the alternative, that the Court may, in its discretion pursuant to

Rule 4(m), grant an extension even if no good cause is found.  Id. at ¶ 6-7.  In its surreply, Admiral contends that Mrs. Diaz failed to show good cause for her failure.  (Docket No. 63 at ¶ 2-5.) Admiral claims that blaming the delay in acquiring the summons on the clerk does not establish good cause, especially when Mrs. Diaz knowingly failed to request an extension within the 120-day period. Id.

A court's fact-specific good cause inquiry includes a consideration of the diligence of the plaintiff and any mitigating circumstances which may exist.  Fed. R. Civ. P. 4(m); United States v. Ayer, 857 F.2d 881, 885 (1st Cir. 1988); Moreno-Perez, 266 F.R.D. at 50-51.  In Moreno-Perez, the court found good cause where the plaintiff sought help locating the defendant's address and requested an extension of time to serve before the 120-day deadline.  266 F.R.D. at 50-51.  The Court noted mitigating circumstances, including that the plaintiff requested — and was denied — an extension before the 120-day deadline, filed and served an updated summons within six days of discerning that the summons form was outdated, and served the defendant only five days past the 120-day deadline.  Id. at 50.  Those mitigating factors are not present here; Mrs. Diaz never requested an extension of time to serve, served Admiral between 13 and 43 days

after receiving the filed summons,[4] and served Admiral 28 days past the 120-day deadline.[5]  (Docket No. 57 at ¶ 4.)  The facts of this case are comparable to those of Padilla-Cintron, where the court found no good cause because the plaintiff failed to request an extension timely.  247 F. Supp. 2d at 61.  In Padilla-Cintron, the plaintiff argued that the process server going into labor provided good cause for a 77-day delay.  247 F. Supp. 2d at 61.  Without knowing the date on which the process server went into labor, the court found no good cause because the plaintiff failed to request an extension at any point before serving the defendant.  Id.  Here, Mrs. Diaz claims that she made several telephone calls to the Court to retrieve the issued summons and that she received it sometime in August.  (Docket No. 57 at ¶ 3.)  Mrs. Diaz's inactivity after the summons was issued and received, however, like the plaintiff in Padilla-Cintron, destroys her good cause argument.  (Docket No. 57 at ¶ 3); Padilla-Cintron, 247 F. Supp. 2d at 61.

          Mrs. Diaz should have known that, pursuant to Rules 4(m) and 6(b), it was her duty to ensure timely service of the

---

[4] Mrs. Diaz vaguely contends that she received the summons sometime in August, which the Court interprets as being between August 1, 2013 and August 31, 2013.  (Docket No. 57 at ¶ 3.)  She did not serve the summons on Admiral until September 13, 2013 (Docket No. 44); this was 43 days after August 1, 2013 and 13 days after August 31, 2013.

[5] Because Mrs. Diaz filed her second amended complaint on April 18, 2013 (Docket No. 38), the 120-day deadline terminated on August 16, 2013.  She served Admiral 28 days after the deadline, on September 13, 2013.  (Docket No. 44.)

summons on Admiral by requesting an extension.  Fed. R. Civ. P.
4(m) & 6(b); <u>Padilla-Cintron</u>, 247 F. Supp. 2d at 61.  Having
neglected to do so, Mrs. Diaz fails to establish good cause to
excuse the Rule 4(m) violation.

> **2.     The Court's discretion to grant an extension *ex post
>          facto* for a Rule 4(m) violation**

When no good cause is found for a Rule 4(m)
violation, a court has discretion either to dismiss the claims
against the defendant without prejudice or order that service be
made within a specified time.  Fed. R. Civ. P. 4(m); <u>Henderson v.
United States</u>, 517 U.S. 654, 662-63 (1996) (citing Fed. R. Civ.
P. 4 advisory committee's note); <u>Moreno-Perez</u>, 266 F.R.D. at 50.
District courts within the Court of Appeals for the First Circuit
are divided on whether a discretionary extension absent good cause
is appropriate where a plaintiff fails to seek an extension of time
within the 120-day period.  <u>Compare</u> <u>McIsaac v. Ford</u>, 193 F. Supp.
2d 382, 384 (D. Mass. 2002) ("[A]n extension even absent a showing
of good cause . . . is appropriate only in circumstances where an
extension of time is sought prior to the expiration of Rule 4(m)'s
deadline.") <u>with</u> <u>United States v. Tobins</u>, 483 F. Supp. 2d 68, 81
(D. Mass. 2007) ("This court does not agree that the [plaintiff]
was required to move for an enlargement of time before the court
may extend service deadlines.  Nothing in Rule 4(m) or the Advisory
Committee Notes [so] requires.") <u>and</u> <u>Gray v. Derderian</u>, No. C.A.
04-312L, 2007 WL 296212, at *3 (D.R.I. Jan. 26, 2007) ("This

limitation does not exist in the Rule.") (citing <u>Mann v. Am. Airlines</u>, 324 F.3d 1088, 1090 (9th cir. 2003) and <u>Petrucelli v. Bohringer & Ratzinger, GmbH</u>, 47 F.3d 1298, 1307 (3d Cir. 1995)).

In deciding whether to grant a discretionary extension, courts look at several factors, including whether "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer . . . prejudice; and (c) plaintiff would be severely prejudiced if [its] complaint were dismissed." <u>Moreno-Perez</u>, 266 F.R.D. at 50 (quoting <u>Tobins</u>, 483 F. Supp. 2d at 79-80); <u>Bunn</u>, 250 F.R.D. at 90. A defendant suffers prejudice when the delay harms his or her ability to mount an effective defense to the claims against him or her. <u>Moreno-Perez</u>, 266 F.R.D. at 50-51. A plaintiff suffers prejudice when he or she is unable to re-file a claim due to a time bar, and this prejudice can be the sole basis for discretionary relief from the Rule 4 service requirements. <u>Bunn</u>, 250 F.R.D. at 90. The plaintiff's ability to maintain a claim against other defendants mitigates such prejudice. <u>Id.</u> at 91.

Courts consider whether the delay in service prejudices a defendant by affecting or diminishing his or her ability to defend himself or herself. <u>Moreno-Perez</u>, 266 F.R.D. at 50-51. In determining that the defendants were not prejudiced in <u>Moreno-Perez</u>, the court relied on the fact that they were served expediently, three and four days past the deadline, and thus were

aware of the claims against them.  Id.  Here, in contrast, Admiral
was not served expediently.  Mrs. Diaz served Admiral 148 days
after adding it as a defendant.  (Docket Nos. 38 & 44.)  As a
result, Admiral claims it was not aware of the nature of the claim
and could not investigate facts, avoid spoliation of evidence,
participate in the drafting of the Joint Case Management
Memorandum, or comply with deadlines in the Initial Extension Order
or extensions granted for discovery.  (Docket No. 52 at p. 5.)  For
these reasons, Admiral has made a showing of prejudice.

        Courts also consider whether the delay in service
prejudices a plaintiff by barring him or her from re-filing if his
or her claim is dismissed.  Bunn, 250 F.R.D. at 90.  When dismissal
would preclude re-filing due to a time bar, the plaintiff's ability
to pursue charges against other defendants can justify a dismissal.
Id.  Here, Mrs. Diaz does not allege any time bar; rather, she
argues she is prejudiced merely because dismissal would cause a
delay for all parties.  Such a delay fails to establish that
Mrs. Diaz would be prejudiced by dismissal, given her ability to
pursue charges against other defendants, including Admiral's
insured.

        Though the Court finds that Admiral had actual
knowledge of the suit against it, Admiral has shown it was
prejudiced by the delay in service.  Moreover, Mrs. Diaz fails to
show that she would be prejudiced by a dismissal of her claim

against Admiral; she may continue her claim against Admiral's insured.  Thus, the Court declines to exercise its discretion to extend the 120-day period for service.  Accordingly, Admiral's motion to dismiss based on Rule 4(m) is **GRANTED**.

### C.    Motion to Dismiss for Violation of Rule 4(h)

Rule 4(h) requires Mrs. Diaz to serve the summons on Admiral, a domestic corporation, in a judicial district of the United States either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h).

Admiral contends that Mrs. Diaz improperly served the summons pursuant to Rule 4(h)(1)(B).  (Docket No. 52 at p. 4.)  It argues that the summons designated Admiral to accept service of process on behalf of Claims Adjustment Services, an entity that is neither a party to the complaint nor an officer or agent of Admiral.  Id.  In response, Mrs. Diaz contends that service was sufficient on "Roberto Sueiro," who identified himself as a manager of Admiral, claimed he was authorized to receive the summons, provided the information to fill in the proper space in the summons, and was later identified by Admiral personnel as Admiral's president.  (Docket No. 57 at ¶¶ 8-12.)

In light of the parties' representations, the Court is unpersuaded that service was deficient pursuant to Rule 4(h). Accordingly, Admiral's motion to dismiss on Rule 4(h) grounds is **DENIED.**

## III. Conclusion

For the reasons explained above, the Court finds that service was deficient pursuant to Rule 4(m).  Admiral's motion to dismiss pursuant to Rule 4(m) is **GRANTED,** its motion to dismiss pursuant to Rule 4(h) is **DENIED,** and plaintiff's claim against Admiral Insurance Company is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 14, 2014.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE