IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA DE LOS ANGELES DIAZ-RIVERA,<br><br>**Plaintiff**,<br><br>v.<br><br>SUPERMERCADOS ECONO, INC., *et al.*,<br><br>**Defendants**. | Civil No. 12-1925 (FAB) |

**MEMORANDUM & ORDER**[1]

BESOSA, District Judge.

Before the Court is defendant Dr. Benjamin Gonzalez's motion to dismiss the claim against him set forth in the second amended complaint. (Docket No. 62.) For the reasons discussed below, the Court **DENIES** the motion to dismiss.

I. BACKGROUND

Plaintiff Maria de los Angeles Diaz-Rivera ("Ms. Diaz") filed a complaint on November 9, 2012 (Docket No. 1), an amended complaint on March 21, 2013 (Docket No. 25), and a second amended complaint on April 18, 2013 (Docket No. 38). Ms. Diaz brought a negligence claim against defendants Hospital Hermanos Melendez, Emergency Room Corporation, and Dr. Joed M. Laboy in the original complaint.

---

[1] Ian Qua, a third year student at The George Washington University Law School, assisted in the preparation of this memorandum.

(Docket No. 1 at ¶¶ 6-7, 10.)  In the amended complaint, Ms. Diaz substituted the name WMR Emergency Group, LLC for Emergency Room Corporation.  (Docket No. 25 at ¶ 11.)  Ms. Diaz named unknown defendants in both the complaint and the amended complaint:

> Defendants John Roe and any other Tortfeasors are the fictitious names hereby given to the additional parties whose identities or names are not known to this moment and whose negligent actions or omissions are proximately [sic] and direct causes for plaintiffs' damages.  Once their real identities are discovered, the fictitious names will be substituted for the real ones.

(Docket Nos. 1 at ¶ 13; 25 at ¶ 14.)  In the second amended complaint, Ms. Diaz added Dr. Benjamin Gonzalez ("Dr. Gonzalez") as a defendant she alleges is liable because of his negligent treatment of her deceased husband, Oscar Figueroa.  (Docket No. 38.)  Dr. Gonzalez moved to dismiss the claim against him on December 12, 2013.  (Docket No. 62.)  On January 14, 2014, Ms. Diaz opposed the motion to dismiss.  (Docket No. 69.)

## II. LEGAL STANDARD

### A. Choice of Law

Federal courts apply state substantive law in diversity cases.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  See also Hanna v. Plumer, 380 U.S. 460, 466 (1965) (quoting Guaranty Trust Co. v. York, 326 U.S. 99, 109-10 (1945)) ("The question is . . . does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be

controlling in an action upon the same claim by the same parties in a State court?") (internal quotation marks omitted).  The limitation of actions is a question of substantive law in Puerto Rico, and is addressed in articles 1830 through 1875 of the Civil Code. P.R. Laws Ann. tit. 31 §§ 5241-5305 (2011); <u>Febo Ortega v. Tribunal Superior</u>, 2 P.R. Offic. Trans. 506, 508-09 (P.R. 1974).  Because Ms. Diaz is a resident of Florida and all defendants are residents of Puerto Rico, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Docket No. 38 ¶¶ 1-2.)  As a result, the Court turns to the applicable limitations and concomitant tolling provisions in the Civil Code to determine whether Ms. Diaz's claim is time-barred. <u>Rodriguez v. Suzuki Motor Corp.</u>, 570 F.3d 402, 406 (1st Cir. 2009); <u>Montalvo v. Gonzalez-Amparo</u>, 587 F.3d 43, 46 (1st Cir. 2009).

**B.    Motion to Dismiss Standard**

"The question confronting a court on a motion to dismiss is whether *all* the facts alleged, when viewed in the light most favorable to the plaintiffs [sic], render the plaintiff's entitlement to relief plausible." <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 14 (1st Cir. 2011) (citations omitted).  A plaintiff cannot "proceed perforce by virtue of allegations that merely parrot the elements of the cause of action." <u>Id.</u> at 12 (internal quotation marks and citations omitted).  A court must

Civil No. 12-1925 (FAB)                                                4

treat any non-conclusory factual allegations in the complaint as true, "even if seemingly incredible." Id. (citations omitted.)

### III. DISCUSSION

#### A. Factual Allegations

Ms. Diaz alleges that Dr. Gonzalez, Hospital Hermanos Melendez, Dr. Joed M. Laboy, WMR Emergency Group, LLC and others negligently maintained Mr. Figueroa, her husband, "under their control and care [at Hospital Hermanos Melendez] without having the adequate facilities and resources needed by him, thus preventing him from receiving the prompt and proper medical care he needed" for the severe cranial trauma he had suffered. (Docket No. 38 at ¶ 55.) Ms. Diaz also alleges (1) that Dr. Gonzalez was a contractor of Hospital Hermanos Melendez and WMR Emergency Group, LLC, id. at ¶¶ 43-44; (2) that Dr. Gonzalez was working as a doctor in the emergency room when the events giving rise to the second amended complaint occurred, id. at ¶¶ 26, 43-45; and (3) that Dr. Gonzalez's negligence in his treatment of Mr. Figueroa contributed in part to the delay that caused Mr. Figueroa's death on December 1, 2011, id. at ¶ 47.

In his motion to dismiss, Dr. Gonzalez asserts prescription as an affirmative defense. (Docket No. 62 at ¶ 1.) Dr. Gonzalez contends that because the one-year statute of limitations for civil cases in Puerto Rico began to run when

Ms. Diaz's husband died on December 1, 2011, and Ms. Diaz named Dr. Gonzalez as a defendant on April 18, 2013, more than one year after the limitations period started to run, Ms. Diaz's claim against him should be dismissed. Id. at ¶¶ 2-6.

### B. Statute of Limitations

#### 1. Dr. Gonzalez's Affirmative Defense

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant successfully raises a statute of limitations affirmative defense when "the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting Blackstone Realty LLC v. Fed. Deposit Ins. Corp., 244 F.3d 193, 197 (1st Cir. 2001)). When a plaintiff files a claim more than a year after the relevant injury, and the defendant successfully raises a statute of limitations affirmative defense, the plaintiff bears the burden of proving timeliness. Tokyo Marine & Fire Ins. Co. v. Perez & Cia. Inc., 142 F.3d 1, 4 (1st Cir. 1998) (citations omitted); Velazquez v. Schindler Corp., 968 F. Supp. 2d 475, 477 (D.P.R. 2013) (Gelpi, J.) (internal citation and quotation marks omitted). To warrant dismissal, a review of the plaintiff's pleadings must "'leave no doubt' that the plaintiff's action is barred by the affirmative defense." Blackstone Realty, 244 F.3d at 197 (quoting LaChappelle v.

Civil No. 12-1925 (FAB)                                                 6

Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." Trans-Spec Truck, 524 F.3d at 320 (internal citation and quotation marks omitted).

In his motion to dismiss, Dr. Gonzalez argues that Ms. Diaz's claim against him is time-barred because (1) the injury to Mr. Figueroa occurred on November 18, 2011; (2) the original complaint was filed on November 9, 2012; (3) he was made a party to the suit in the second amended complaint, which was filed on April 18, 2013; and (4) the one-year statute of limitations had run for more than one year before he was brought as a party to the suit.  (Docket No. 62 at ¶¶ 2-6.)  Because Dr. Gonzalez raised the affirmative defense and Ms. Diaz brought her claim more than a year after the injury occurred, Ms. Diaz has the burden of demonstrating

that a doubt exists that her claim is time-barred.[2]  Tokyo Marine, 142 F.3d at 4; Velazques, 968 F. Supp. 2d at 477.

### 2. Accrual of Plaintiff's Claim

Ms. Diaz successfully demonstrates that a doubt exists that her claim should be time-barred, however, by arguing that her claim did not accrue until she became aware through an expert witness report that Dr. Gonzalez's actions or omissions were a cause of the injury.  (Docket No. 69 at ¶¶ 13, 15.)  The Civil Code provides that the statute of limitations period within which to commence a civil action for negligence is one year from the time

---

[2]  While Ms. Diaz's reply cites legal authority that might suggest an argument that the statute of limitations was tolled by the defendants' solidarity, she does not articulate that argument. (Docket No. 69 at ¶ 14.)  The Court therefore is not in a position to decide the motion to dismiss on solidarity grounds, and Ms. Diaz, therefore, fails to demonstrate any doubt that her claim should be time barred through a solidarity argument.

The Court is also not in a position to decide the motion to dismiss on relation-back grounds.  Ms. Diaz fails to argue that, pursuant to article 1873 of the Civil Code, Laws of P.R. Ann. tit. 31 § 5303, and Puerto Rico Rules of Civil Procedure 13.3 & 15.4, the original complaint tolled the statute of limitations against Dr. Gonzalez because her claim against Dr. Gonzalez relates back to her claim against unknown defendants in the original complaint. (Docket No. 69 at ¶ 10.)  A complaint relates back when a plaintiff knows the defendant's identity but not his or her name. Serrano v. Figueroa-Sancha, 878 F. Supp. 2d 301 (D.P.R. 2012) (Dominguez, J.); Fuentes v. Tribunal de Distrito, 73 P.R.R. 893, 916 (P.R. 1952).  This is not the situation here, where Ms. Diaz argues she did not know Dr. Gonzalez's identity, let alone his name, until the expert witness report was filed. (Docket No. 69 at ¶¶ 13, 15.)

the aggrieved person acquired knowledge of the act or omission causing damage to another through fault or negligence.  P.R. Laws Ann. tit. 31 §§ 5141 & 5298.  The Puerto Rico Supreme Court has established that an aggrieved person acquires knowledge only when he or she has notice both of the injury and of who caused the injury.  Colon Prieto v. Geigel, 15. P.R. Offic. Trans. 313, 330-31 (1984) (quoting Antoni M. Borrell i Soler, Derecho Civil Español 500, (Barcelona Bosch Ed., 1955)) (internal quotation marks omitted); Rodriguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir. 1997).

### i. Notice of the injury

A plaintiff acquires notice of the injury if there are "some outward or physical signs through which the aggrieved party may become aware and realize that he [or she] has suffered an injurious aftereffect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed."  Delgado Rodriguez v. Nazario de Ferrer, 21 P.R. Offic. Trans. 342, 356 (1988) (citing Herminio M. Brau del Toro, Los Daños y Perjuicios Extracontractuales en Puerto Rico 638-40 (J.T.S., ed., 2d ed. 1986)).  Ms. Diaz became aware of the injury upon Mr. Figueroa's death on December 1, 2011.  (Docket No. 1 at ¶ 33.) Ms. Diaz is unable to establish timeliness based solely on her becoming aware of the injury because she learned of Mr. Figueroa's

Civil No. 12-1925 (FAB)                                              9
_____

injury prior to one year before filing her claim against Dr. Gonzalez.[3]

### ii. Notice of who caused the injury

A plaintiff acquires notice of who caused the injury when he or she is "aware of some level of reasonable likelihood of legal liability on the part of the person or entity that caused the injury." Reyes Santana v. Hosp. Ryder Mem'l., Inc., 130 F. Supp. 2d 270, 275 (D.P.R. 2001) (Fuste, J.) (quoting Rodriguez-Suris, 12 F.3d at 13-14). Once aware, a plaintiff must exercise diligence "through minimal investigation" to ascertain the tortfeasor's name and institute a lawsuit. Rosado Serrano v. E.I. Dupont de Nemours & Co., 797 F. Supp. 98, 103 (D.P.R. 1992) (Pieras, J.). The requirement that a plaintiff know who caused the injury assures that victims are able to seek compensation. Hodge v. Parke Davis & Co., 833 F.2d 6, 7 (1st Cir. 1987) (citations omitted). A plaintiff cannot be required to file his or her action before he or she knows it exists because that requirement would violate due process of law. Vega Lozada v. J. Pérez y Cía., Inc., 135 D.P.R. 746, 754-55 [35 P.R. Offic. Trans. __, __] (1994) (citing Alicea v. Cordova, 17 P.R. Offic. Trans. 811 (1986)).

---

[3] To comply with the limitations period, Ms. Diaz must have acquired notice of the injury no earlier than April 18, 2012. (Docket No. 38.)

Civil No. 12-1925 (FAB)                                              10

A plaintiff is aware of who caused the injury when he or she actually knows, or with the degree of diligence required by law would have known, whom to sue. Rodriguez-Suris, 12 F.3d at 16 (citing Kaiser v. Armstrong World Indus., 872 F.2d 512, 516 (1st Cir. 1989)) (internal quotation marks omitted). See also Estate of Alicano Ayala v. Phillip Morris Inc., 263 F. Supp. 2d 311, 320 (D.P.R. 2003) (Perez-Gimenez, J.) (internal citation omitted) ("[D]eterminations of due diligence . . . can be made at the motion to dismiss stage . . . . Dismissal under Rule 12(b)(6) still would be appropriate if a plaintiffs' pleadings do not lend any support to a finding of due diligence.")  Due diligence means "reasonable, active efforts to seek answers and clarify doubts." Ayala, 263 F. Supp. 2d at 320.  A plaintiff can satisfy this diligence requirement by learning the identity of a plaintiff through the discovery process. Ramirez-Ortiz v. Corporación del Centro Cardiovascular, Civ. No. 12-2024 (FAB), 2014 WL 545512, at *3 n.2 (D.P.R. Feb. 12, 2014) (citing Ortiz-Sanabria v. Corporación del Centro Cardiovascular, KLCE201400032, 2014 WL 902928, at *10 (P.R. Cir. Jan. 31, 2014)) ("[I]t is reasonable to conclude that the prescriptive term for the claim . . . began to run when [the plaintiff] found out who was responsible for [the] harm during discovery."); Velazquez v. Schindler Corp., 968 F. Supp. 2d 475, 477-78 (D.P.R. 2013) (Gelpi, J.) ("Through the discovery process,

plaintiff learned the identity of Schindler . . . . Thus, plaintiff reasonably sought out the responsible party.").

Ms. Diaz argues that she first learned Dr. Gonzalez was responsible through the expert witness report issued on March 8, 2013, and that she filed the second amended complaint on April 18, 2013, only 40 days later and well within the one-year statute of limitations.  (Docket No. 69 at ¶¶ 13, 15, 18.)  In both Ortiz-Sanabria and Velazquez, the court found that the plaintiffs acted with the required level of diligence when the plaintiffs learned during discovery the defendants' identities and their culpability, and that the plaintiffs' claims did not accrue until they acquired notice of who caused their injury.  Ortiz-Sanabria 2014 WL 902928 at *10; Velazquez, 968 F. Supp. 2d at 478.  Here, Ms. Diaz may have similarly not known — and may not have known through due diligence — whom to sue until learning of Dr. Gonzalez's involvement through the expert witness report.  See id.  The accrual date of Ms. Diaz's claim against Dr. Gonzalez, therefore, may be less than one year before Ms. Diaz brought the claim against him.  (Docket No. 69 at ¶¶ 13, 15.)  This argument successfully raises a doubt that Ms. Diaz's complaint is time-barred.

## IV. CONCLUSION

For the reasons explained above, the Court finds that Ms. Diaz sufficiently raises a doubt that her complaint is time-barred by showing that her claim against Dr. Gonzalez accrued when she learned of his potential liability through the expert witness report.[4]  Accordingly, the Court **DENIES** Dr. Gonzalez's motion to dismiss.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 29, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[4] Nothing in Ms. Diaz's or Dr. Gonzalez's filings mention any date when Ms. Diaz first received her husband's medical chart, or whether the medical chart mentions Dr. Gonzalez or includes physicians' notes written and signed by him. The receipt of the medical chart may have been on a date more than one year before the filing of the second amended complaint, which included Dr. Gonzalez as a defendant.  This argument is, however, waived.